UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL HUNTER** | **CASE NO. 2:22-cv-2194** |
| **V.** | **JUDGE** |
| **HUDSON INSURANCE COMPANY, GULF RELAY, LLC, JOHN DOE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **MAG. JUDGE** |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant Gulf Relay, LLC ("Gulf Relay"), who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully notifies this Court that the above-entitled case has been removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and, in support of said notice of removal, states as follows:

**I.  INTRODUCTION**

This is a personal injury case arising from an automobile accident that allegedly occurred on July 15, 2021, in Orleans Parish, Louisiana. Plaintiff alleges that, as he was driving on Interstate 10, another vehicle operated by Walter Stitt improperly changed lanes, striking Plaintiff's vehicle and causing Plaintiff unspecified personal injury.[1] Plaintiff alleges that, at the time of the accident, the vehicle operated by Mr. Stitt was owned by Gulf Relay and that Mr. Stitt was an employee of Gulf Relay acting in the course and scope of his employment. Plaintiff alleges that, at the time of the accident, the vehicle operated by Mr. Stitt was covered by a policy of insurance issued by Hudson Insurance Company.

---

[1] At the time Plaintiff filed his petition, the identity of the allegedly at-fault driver was unknown. Defendants have identified the driver as Walter Stitt.

1

## II.     JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As discussed more fully below, this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and which is between citizens of different states.

### A.     Amount in Controversy

Although the petition for damages does not include a specific monetary demand,[2] on June 9, 2022, Plaintiff presented Gulf Relay with a written demand in the amount of $264,449.37.[3] Thus, the amount in controversy requirement is satisfied.

### B.     Diversity of Citizenship

All properly joined parties are diverse:

---

[2] Exhibit A (State Court Record, Petition for Damages).

[3] Exhibit B (Plaintiff's Demand).

1. *Plaintiffs*

On information and belief, Plaintiff is a citizen of **Louisiana**.

2. *Defendants*

- Hudson Insurance Company, which, on information and belief, being incorporated under the laws of Delaware and with its principal place of business in New York, is a citizen of **Delaware** and **New York**;

- Gulf Relay, LLC, which, on information and belief, is a citizen of **Alabama**, **Florida**, **Mississippi**, **Pennsylvania**, **Texas**, **Tennessee**;[4]

- Walter Stitt, who on information and belief, is a citizen of **Mississippi**;

- State Farm Mutual Automobile Insurance Company,[5] which, on information and belief, being incorporated under the laws of Illinois and with its principal place of business in Illinois, is a citizen of **Illinois**.

No defendant is a citizen of Louisiana. Thus, the diversity requirement is satisfied.

### III. REMOVABILITY

#### A. Timeliness

To be timely, a notice of removal must be filed within 30 days of service of the initial pleading. 28 U.S. Code § 1446(b)(1). The initial pleading in this case was the petition for damages, which was filed on June 20, 2022, and served on Defendants on June 30, 2022.[6] Accordingly, the notice of removal is timely.

---

[4] Exhibit C (Document Setting Forth Citizenship of Gulf Relay).

[5] Although designated a "company," on information and belief, State Farm Mutual Automobile Insurance Company is a corporation.

[6] Exhibit A (State Court Record, Affidavit of Service). The affidavit of service indicates that service was perfected on Gulf Relay on July 7, 2022. In fact, Gulf Relay on June 30, 2022.

3

272373775v.1

**B.     Consent**

Where, as here, a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S. Code § 1446(b)(2)(a). On information and belief, all properly joined and served defendants consent to removal.

**IV.     CONCLUSION**

WHEREFORE, Gulf Relay respectfully notifies this Court that this case has been removed, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP

/s/ Donald G. Cassels, III
Donald G. Cassels, III (La. Bar No. 33765)
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70124
Phone: (504) 702-1710
Fax: (504) 702-1715
Donald.Cassels@wilsonelser.com

*Attorney for Defendant Gulf Relay, LLC*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing notice of removal has been served on all adverse parties by electronic mail on this 15th day of July, 2022.

/s/ Donald G. Cassels, III
Donald G. Cassels, III (La. Bar No. 33765)

272373775v.1